*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 08a0131p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

---

JOHN DOE,

　　　　　　　　　　　*Plaintiff-Appellant,*

　　　　v.

PHIL BREDESEN, Governor of the State of
Tennessee, CHARLES M. TRAUGHBER, Chairman,
Tennessee Board of Probation and Parole, MARK
GWYN, Director of the Tennessee Bureau of
Investigation, and RANDALL NICHOLS, District
Attorney General 6th Judicial District,

　　　　　　　　　　　*Defendants-Appellees.*

No. 06-6393

Filed: March 31, 2008

Before: KEITH and GRIFFIN, Circuit Judges; VAN TATENHOVE, District Judge.[*]

---

## AMENDED ORDER

---

The court having received a petition for rehearing en banc, and the petition having been circulated not only to the original panel members but also to all other active judges of this court, and less than a majority of the judges having favored the suggestion, the petition for rehearing has been referred to the original panel.

The panel has further reviewed the petition for rehearing and concludes that the issues raised in the petition were fully considered upon the original submission and decision of the case. Accordingly, the petition is denied.

---

[*] The Honorable Gregory F. Van Tatenhove, United States District Judge for the Eastern District of Kentucky, sitting by designation.

DAMON J. KEITH, Circuit Judge, with whom MARTIN, DAUGHTREY, MOORE, COLE, and CLAY, Circuit Judges, join, dissenting from the denial of the petition for rehearing en banc.

This case presents a rare "question of exceptional importance" for which en banc review is appropriate. Fed. R. App. P. 35(a)(2).

The Tennessee Serious and Violent Sex Offender Monitoring Pilot Project Act (the "Surveillance Act"), TENN. CODE ANN. § 40-39-301 *et seq.*, imposes retroactively a requirement that all convicted sex offenders not only register with the Tennessee sexual offender registry, but also wear a relatively large device (a global positioning system, "G.P.S.") at all times. This "Satellite-Based Monitoring Program" allows the Tennessee Board of Probation and Parole to monitor a sex offender's movements.

However, given the large size of the G.P.S. device, the Surveillance Act violates Appellant Doe's constitutional rights under the Ex Post Facto Clause. The box measures 6 inches by 3.25 inches by 1.75 inches. *Doe v. Bredesen*, 507 F.3d 998, 1005 (6th Cir. 2007). The box must be worn outside any coat or outer garment, making it plainly visible to onlookers. *Id.* at 1002. In essence, this box is a modern day "scarlet letter," branding sex offenders with a marker of their crime for all to see.

I believe that the retroactive application of the Surveillance Act constitutes an Ex Post Facto Clause violation because (1) as a catalyst for public ridicule, it is a form of shaming, humiliation, and banishment, which are well-recognized historical forms of punishment, *Smith v. Doe*, 538 U.S. 84, 97-98, 123 S.Ct. 1140, 155 L.Ed.2d 164 (2003); *Femedeer v. Haun*, 227 F.3d 1244, 1250-51 (10th Cir. 2000); *Cutshall v. Sundquist*, 193 F.3d 466, 475 (6th Cir. 1999); *E.B. v. Verniero*, 119 F.3d 1077, 1099-1100 (3d Cir. 1997); (2) it promotes the traditional aims of punishment; and (3) it is excessive in forcing Doe to broadcast his sex offender status not only to those who choose to inquire, but also to the general public. The majority, in upholding the Surveillance Act, deliberately turned a blind eye to the obvious effects of forcing Doe to wear such a large box on his person. Moreover, the majority erred in its emphasis that such boxes "will only become smaller and less cumbersome as technology progresses." *Bredesen*, 507 F.3d at 1005. The question at hand was whether the required technology under the Surveillance Act violates the Ex Post Facto Clause *today*, not whether technology could conceivably develop such that it will become inconspicuous in the future.

Whether or not other members of this court agree with my dissent, this issue is important enough to merit review by the full court. We must be careful, in our rush to condemn one of the most despicable crimes in our society, not to undermine the freedom and constitutional rights that make our nation great. I dissent.

ENTERED BY ORDER OF THE COURT

/s/ Leonard Green
_____
Clerk